**AKIN & SALAMAN PLLC**
ATTORNEYS AT LAW
45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel. (212) 825-1400 Fax. (212) 825-1440

**Zafer A. Akin**
**Robert D. Salaman**
**Partners**

**Justin Ames**
**Olena Tatura**
**Hakan Sen**
**M. Ali Usta**
**Joseph Santangelo**
**Associates**

October 23, 2026

**Via ECF**

Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** ***Tarek Habhoub v. LNC Wellness LLC et al.***
Case No. 25-CV-3810 (JAV)

Dear Judge Parker:

Our office represents Plaintiff Tarek Habhoub ("Habhoub" or "Plaintiff") in the above-referenced matter. We write in response to the October 21, 2026 letter from Defendants LNC Wellness LLC ("LNC") and Bella Palterovich ("Palterovich") (collectively, "Defendants") concerning their anticipated motion to compel Plaintiff to produce complete discovery responses, primarily including Ameritrade bank account records for a joint mutual stock trading venture between Plaintiff and Palterovich that Defendants base one of their counterclaims for. As we have repeatedly told Defendants' counsel (before and during the meet-and-confer), Plaintiff is not in possession the documents requested, despite making his best efforts to secure the documents.

In their letter, Defendants speculate (*without any evidence*) that Palterovich's money she willingly gave to Plaintiff was not invested into a mutual stock trading venture as agreed upon. Plaintiff had two bank accounts relevant to the Defendants' counterclaim for fraudulent inducement[1] – all are currently closed. First, the stock trading account was an Ameritrade account. TD Ameritrade has since been acquired by Charles Schwab. Plaintiff called Charles Schwab by phone to see if he could receive documents related to his account (monthly statements, stock transactions, etc.). In response, the Charles Schwab representative told Plaintiff that the documents cannot be sent to Plaintiff since his Ameritrade account closed prior to the acquisition by Charles Schwab. If Defendants would like to attempt to subpoena

[1] Defendants' counterclaim for fraudulent inducement is belied by the fact that Plaintiff worked for Defendants for <u>several years and was promoted after</u> he allegedly lost the Palterovich hundreds of thousands of dollars.

**AKIN & SALAMAN PLLC**
ATTORNEYS AT LAW
45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel. (212) 825-1400 Fax. (212) 825-1440

Plaintiff's Ameritrade records from Charles Schwab, we will not move to quash.

Second, Plaintiff had a Capital One bank account, which is also closed. This is the account where Palterovich wired money into that was used for the Ameritrade stock trading account. The Capital One Account was open from March 12, 2021 to March 21, 2022. Plaintiff called Capital One and the Bank said they would email the monthly statements. Upon receipt, we will send them to Defendants' counsel.

Defendants' request for amended responses to their supplemental interrogatories seek responses outside the scope of SDNY Local Rule 33.3. As described above, the bank and wire statements are not in Plaintiff's possession. Defendants' have provided no basis to compel Plaintiff to produce his income tax returns from 2022 through 2025, nor have they shown good cause to extend the time to complete fact discovery (currently through December 7, 2026), a request which we oppose.

For the foregoing reasons, we respectfully request that the Court DENY Defendants' Motion to Compel

Respectfully submitted,

**Akin & Salaman PLLC**

*/s/ Robert D. Salaman*
Robert D. Salaman